OPINION of the Court, by
Ch. J. Boyle
Hatcher ®°ld to Galloway a certain tract of land, and by his deed covenanted, among other things, to defend the rjght, and (in case the land should be lost) to refund the purchase money. The deed also contained a covenant to convey upon demand. The land was lost by ajudg-ment of eviction, obtained after the death of Gallowav por tys breach, an action of covenant was brought against Hatcher by the appellees, as executors of Gallo-way, and judgment being given for them in the court t>elovir> Hatcher has appealed to this court, The principal question is, whether the right of action belonged to the heir or to the executors.
In the case of Abney vs. Brownlee (a), the court de-c*icje(j at tbe commencement of this term, that on a co-venant to convey land, where the breach happens after the death of the covenantee, the right of action belongs to the heir, and not to the executor. In the discussion of the present case, that decision was vehemently, though respectfully opposed, in an argument in which much zeal and great ability were displayed.
It was contended that the doctrine laid down in that case is wholly unwarranted by the common law, and is directly in the teeth of the 54th section of “ the act to reduce into one the several acts concerning wills, the distribution of intestates’ estates, and the duty of executors and administrators.” We will therefore consider the question, 1st. upon the principles of the common law ; and 2dly. in what manner it is affected by the statutory provisions relied on by the counsel for the ap-pellees.
That at common law the heir is the representative of his ancestor with respect to his real estate, as the exccutoi or administrator is with respect to his person *181 a!, and that the former alone can take advantage of conditions or covenants real, as the latter can of his personal contracts, is too firmly settled to admit of controversy. Accordingly, every book which treats- of the respective rights of the heir and executor, recognizes the general principle, that conditions and covenants real shall descend to the heir, and that he alone shall take advantage of them — See 2 Bac. Abr. title covenant, (E) p. 69 — 3 Bac. Abr. title executor and administrator, (N) p. 91, title heir, p. 453—1 Salk. 141—2 Ld. Raym. 1125—2 Call 16.
But it was urged in the argument that a covenant to' convey was not a real covenant, and that none could be so denominated but such as are appendant to, or contained in the conveyance of the legal estate. No authority, however, was cited in support of this position, and in our researches upon this subject we have been able to find none. The «ontrary doctrine is explicitly laid down in Fitzherbert’s Natura Brevium, p. 341, a book of the highest authority. It is there said, “ if a man make a covenant by deed to another and his heirs, to enfeoff him and his heirs of the manor of D. and lie will not do it, and he to whom the covenant is made dieth, his heirs shall have a writ of covenant upon that deed.”
This is conceived to be a case in point. The covenant being to convey by feoffment, which was the ordinary mode of conveying when the author wrote, does not vary the case from those of covenants to convey by bargain and sale, or other usual modes of conveying lands at the present day. For whatever may be the mode of conveying, the reason is the same with respect to the right of the heir to sue upon the covenant; and where the reason is the same, according to a well known maxim, the law is the same.
Blackstone, in the 3d vol. of his Commentaries, p. 15?, speaks of a real covenant to convey lands, the remedy upon which is by special writ of covenant for a specific performance of the contract; and upon this process he says it is that fines for lands are usually levied at common law. It was suggested in the argument, that Fitzherbert, in the case cited from his Na-tura Brevium, had an allusion to the writ of covenant ior specific performance, which has! become obsolete, being superseded by a bill in chancery for that purpose. *182 This suggestion we find, upon examination, to be incorrect. For he treats, in a distinct chapter, of the writ of covenant real, upon which fines were levied at common law; and in the chapter from which the passage m question is quoted, he speaks of the right of the executor to have a writ of covenant upon a covenant made to his testator of a personal thing, and of writs of covenant in other cases, where it is evident that damages are to be recovered for a breach of covenant.
But were the suggestion well founded, it would not contravene the position attempted to be supported by the quotation. Far otherwise. For if upon a covenant to convey land, the heir might anciently have had a writ of covenant for the specific performance of the contract, and can now have a bill in chancery for that purpose, it proves demonstratively that the right to an action upon the covenant descends to the heir.
Though it is not necessary for the purpose oí deciding the question before the court, it may be proper to remark, that where the breach of the covenant happens in the lifetime of the covenantee, he becomes thereby entitled to damages, which, being in their nature personal, will go to the executor or administrator, to whom in such case the right of action belongs. This is agreeable to the distinction taken in the case of Abney vs. Brownlee, which is supported by the authorities herein before cited ; in addition to which we refer to 1 Went. Off. Ex. 65, and 1 Pr. Wms. 177.
We are, therefore, after ail the light that a reargu-meñt has cast upon the subject, and after the most diligent reexamination of the authorities within our reach, still of opinion, that upon a covenant to convey land, where the breach does not happen until after the death of the covenantee, the heir, and not the executor, has the right of action at common law.
It now remains to examine in what manner this question is affected by the statutory provision relied on by the counsel for the appellees.
That provision is couched in the following terras, viz : “ Executors or administrators may sue or be sued upon all judgments, bonds, or other specialties, bills, notes, or other writings of their testators or intestates, whether the executors be or be not named in such instruments^ and also upon all their personal contracts.
*183 It Is obvious that a correct exposition of this section requires the expression “ all judgments,” &c. to be un-demood with some restriction. If taken in its most universal and comprehensive sense, the executor or administrator might have a scire facias or writ of error to revive or reverse a judgment in a writ of right or other real action ; he might sue, not only for rent arrear in the lifetime of the testator or intestate, but for that which accrued after his death ; he might have an action upon a covenant of warranty for an eviction of the heir at any distant period after the inheritance had been cast upon him : in short, he might sue upon all covenants real, or such as concerned the inheritance only ; and in such cases he would have a right to the thing as assets in his hands, or he would be liable over to the heir in an action for it. In either case the statute would lead to the most absurd consequences, and be productive of incalculable inconveniences. But if the section under consideration had been intended to have such an universal operation, the expression, “ whether the executor or administrator be or be not named in such instrument,” would be useless and without meaning. It is only by supposing the object of the legislature, to have been to provide that the executor or administrator might sue upon such instruments, though not named, as they might sue upon if named, that this expression can have any effect. It is true, that according to this exposition, this section would be merely an affirmance of the common law. But this is no objection to the correctness of the exposition ; for it is Well known that statutes are often made affirmatory of the principles of the common law, and the last clause in this section is evidently so. Thus it is held, that in all doubtful matters where the expression is in general terms, statutes are to receive such a construction as may be agreeable to the rules of the common law, in cases of that nature ; for statutes are not presumed to make any alteration in the common law, farther or otherwise than is expressly declared ; therefore, in all general matters, the law presumes the act did not intend to make any alteration — 6 Bac. Abr. 383-4, and 11 Mod. 150, there cited.
This construction of the section under consideration, is strongly fortified by the silence of the counsel, and of th* court in Virginia, with respect to it, in the case *184 before cited from 2 Call 16. The question there was, whether the right of actio* belonged to the heir, or executor, upon a bond conditioned for the quiet enjoyment of lands. It is not to be presumed that so able and enlightened a bar and bench, would have passed over without notice this section which had long- been enforced in that state, if it had been thought to have any bearing upon the question.
We are of opinion therefore, that the question before the court is not affected by the section of the act alluded to, and that it remains as at common law.
Wherefore it is considered by the court, that the judgment of the circuit court be reversed, and that the cause be remanded t@ said court, for new proceedings to be had with respect to those breaches alleged to have happened in the lifetime of the testator. Which is ordered to be certified to said court, See.

 Ami 170.